UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| SYSTEM ENTERPRISES LLC DBA FUNSPARKS,<br><br>                    Plaintiff,<br><br>                    -v.-<br><br>JINJIANG LUJUN INTERNATIONAL TRADE CO., LTD. DBA HMLC SPORT,<br><br>                    Defendant. | 25 Civ. 9947 (KPF)<br><br>**PRELIMINARY INJUNCTION** |

KATHERINE POLK FAILLA, District Judge:

Upon Plaintiff System Enterprises LLC DBA Funsparks' ("Funsparks" or "Plaintiff") application for a preliminary injunction against Defendant Jinjiang Lujun International Trade Co., Ltd. DBA HMLC Sport ("HMLC Sport" or "Defendant"), using at least the online marketplace account on Amazon.com identified in the Complaint (the "Marketplace Account"); upon the accompanying memoranda of law and declarations, the Preliminary Injunction hearing held on December 16, 2025; and pursuant to Federal Rule of Civil Procedure 65(a):

IT IS HEREBY ORDERED that Defendant, its officers, agents, servants, representatives, employees, attorneys, successors, assigns, and all those acting in concert or in participation with any of them who receive actual notice of this Order, are enjoined from:

> a. Making, using, offering to sell, selling, importing, advertising, marketing, promoting, or distributing any product that infringes Plaintiff's U.S. Design Patent No. D1,081,799 (the "D799 Patent"),

including the Jazzminton® Sport Game identified in Funsparks' submissions;

b. Assisting, aiding, abetting, or enabling others to engage in any of the foregoing;

c. Transferring, assigning, concealing, dissipating, or otherwise disposing of any assets, proceeds, or accounts derived from the sale of products alleged to infringe the D799 Patent, except as authorized by further order of the Court;

d. Shipping, delivering, holding for sale, transferring, or otherwise moving, storing, distributing, returning, or otherwise disposing of, in any manner, products or inventory held by Defendant which embody the D799 Patent;

e. Operating and/or hosting websites and/or any other web presence or online storefronts involved with the distribution, marketing, advertising, offering for sale, or sale of any product embodying the D799 Patent;

f. Effecting assignments or transfers, forming new entities or associations, or creating and/or utilizing any other platform, online storefront, Marketplace Account, website, or other means for the purposes of circumventing or otherwise avoiding the prohibits set forth in this Order; and

g. Encouraging, facilitating, assisting, or inducing others to violate (a)–(f) herein.

2

IT IS FURTHER ORDERED that Defendant and all persons in active concert and participation with Defendant who receives actual notice of this Order, including third-party financial institutions, payment processors, banks, escrow services, money transmitters, web hosts, registrars, or marketplace platforms that are providing services for Defendant, including without limitation Amazon.com and its related companies and affiliates (together, the "Third Party Providers"), are hereby restrained and enjoined from:

    a. Transferring or disposing of any money or other assets residing with Defendant's Marketplace Accounts;

    b. Allowing funds held by Defendant to be transferred or withdrawn to or from any Marketplace Account or financial account used in connection therewith;

    c. Providing services to Defendant and Defendant's Marketplace Accounts;

    d. Encouraging, facilitating, assisting, or inducing others to violate (a)–(c) herein.

IT IS FURTHER ORDERED that Defendant and all persons in active concert and participation with Defendant who receive actual notice of this order, are to preserve and not secrete, conceal, destroy, sell off, transfer, or otherwise dispose of (i) evidence relating to the Marketplace Accounts; or (ii) evidence otherwise related to the allegations set forth in Plaintiff's Complaint in the matter herein.

IT IS FURTHER ORDERED that within fourteen (14) days of receipt of service of this Order, the Third Party Providers shall provide to Plaintiff's counsel all documents and records in their possession, custody or control (whether located in the U.S. or abroad) not otherwise provided which relate to Defendant's Marketplace Accounts, including but not limited to documents and records relating to:

a. Identifying information and account numbers which Defendant has ever had and/or currently maintain with the Third Party Provider in connection with the Marketplace Accounts;

b. Any information comprising identities, location, and contact information for Defendant;

c. Any and all financial information tied to the Marketplace Accounts, including methods of payment and methods of accepting payment, financial accounts used in connection with the Marketplace Accounts, account numbers and current account balances, and any other identifying information tied to such financial accounts; and

d. A full accounting of Defendant's sales history and listing history.

IT IS FURTHER ORDERED that Plaintiff shall serve a copy of this Preliminary Injunction on Defendant via e-mail as ordered in the temporary restraining order, and such means shall be deemed as effective as to Defendants and Third Party Providers through the pendency of this action, unless and until Plaintiff, through reasonable efforts, identifies a valid physical

address at which to serve Defendant, at which point Plaintiff shall promptly advise the Court of this identification.

IT IS FURTHER ORDERED that this Order shall remain in effect during the pendency of this action, or until further order of the Court.

The Clerk of Court is directed to unseal this case, and Plaintiff is directed to publicly file any documents that should be filed on the docket that it has not already physically filed in a sealed envelope.

SO ORDERED.

Dated:    December 16, 2025
          New York, New York

_____
KATHERINE POLK FAILLA
United States District Judge