UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| SYSTEM ENTERPRISES LLC DBA FUNSPARKS;<br><br>Plaintiff,<br><br>v.<br><br>JINJIANG LUJUN INTERNATIONAL TRADE CO., LTD. DBA HMLC SPORT;<br><br>Defendant. | Case No. |

**DECLARATION OF HANNAH CARLSON**

I, Hannah Carlson, declare and state as follows:

1. This declaration is based upon my personal knowledge of the facts stated herein. If called as a witness, I could and would testify to the statements made herein.

2. I submit this declaration in support of Plaintiff System Enterprises LLC d/b/a Funsparks ("Funsparks")' *Ex Parte* Application for Entry of a Temporary Restraining Order, Order Authorizing Alternative Service, Expedited Discovery Order, and Order to Show Cause for Preliminary Injunction.

3. Since 2023, I have been employed as a licensed Private Investigator by Vaudra International ("Vaudra"), an intellectual property investigation firm founded in 2003 and based in North Carolina. I received my license from the North Carolina Private Protective Services Board (NC PPSB #811475) in 2025. Prior to working as a Private Investigator, I obtained a Bachelor of Arts degree in Criminal Justice and a Bachelor of Science degree in Psychology from the University of North Carolina at Charlotte. I have additionally achieved various other certifications which relate to my work, including a trademark paralegal course and brand-specific certifications

that provide me with the knowledge and skills to identify and distinguish authentic goods from counterfeit and knock-off goods.

4. As a licensed Private Investigator, I have conducted over 170 investigations related to trademark infringement, trademark counterfeiting, and unauthorized sales, among other things.

**DEFENDANT'S INFRINGING ACTIVITY**

5. Relevant here, Defendant Jinjiang Lujun International Trade Co., Ltd. DBA HMLC Sport ("Defendant") operates the HMLC Sport online seller account on Amazon.com (Seller ID: A1YL4UTSIXYHFY) (the "Online Storefront") through which it advertises and sells unauthorized copies of Funsparks' products, which incorporates Funsparks' patented design for the Game Net. The Online Storefront offers shipping to customers in the United States, including this District.

6. Defendant facilitates sales of a substantially similar version of Funsparks' Jazzminton® Sport Game by designing its Online Storefront and associated online product listings to appear to unknowing consumers as authorized retailers, outlet stores, or wholesalers. For instance, Defendant, in its marketing materials, directly references the Game Net, which design is protected by Funsparks' federally registered design patent, U.S. Design Patent No. D1,081,799 (the "D799 Patent") entitled "Game Net.".

7. As part of Funsparks' brand enforcement efforts, I reviewed the Defendant's Online Storefront and listings known to Funsparks on Amazon.com and conducted a test purchase to confirm that Defendant was indeed selling and distributing the infringing products as advertised. My findings are as follows:

a. On September 12, 2025, I purchased what was being sold as "Portable Paddle Game with Net - Similar to Badminton, Tennis and Pickleball Set - Indoor

& Outdoor Play Fun and Friendly Backyard Games for Family" from the HMLC Sport Online Storefront on Amazon.com for $108.61, after shipping and tax.[1]

b. I received the item in a HMLC branded packaging on September 15, 2025 and the package shipping label stated that the item was sent by "MDT4" which, upon information and belief, is an Amazon Distribution center located in New York. A true and correct copy of the HMLC branded packaging and package shipping label is attached as **Exhibit A** hereto.

c. Defendant's Online Storefront indicated that it operates its business in China, under the business name Jinjiangshilujunguojimaoyiyouxiangongsi, which transliterates to Jinjiang Lujun International Trade Co., Ltd. Even though the packaging did not clearly indicate where it was manufactured from, the package had a "MADE IN CHINA" label on it.

d. The package contained several components that are similarly sold by Funsparks with its Jazzminton® Sport Game, including the Game Net protected by the D799 Patent, birdies, pickleball, carrying bag, paddles, fixing rope, ping pong balls and an instruction manual.

e. The packaging also contained a paper insert that identified HMLC as the source of the product and displayed a QR code which linked to the email address hmlcsport@outlook.com for support.

---

[1] The HMLC Sport Item is sold at https://www.amazon.com/Hmlc-Paddle-Game-All-One/dp/B0FT1P4JJD/ref=sr_1_1?crid=25HSQDC5H69KH&dib=eyJ2IjoiMSJ9.3RQUZ2QYo5CtIO3yItGpv_huFFWv8syrjs_plMunHM4.oMVesG2L36AyWGJOoQ96GIZN23hKW-TTj3_PvSgGZ-Q&dib_tag=se&keywords=hmlc%2Bsport&qid=1763140200&sprefix=hmlc%2Bspor%2Caps%2C101&sr=8-1&th=1

8. In reviewing the test buy from the Online Storefront, I determined that the product was sold at an extremely discounted price range, well below the market price for Funsparks' Jazzminton® Sport Game. The price point of the Defendant's product is indicative of counterfeits and infringing products.

9. In my experience as a brand protection specialist, those engaged in the manufacture, importation, and sale of infringing products go to great lengths to conceal their identity and whereabouts such as their place of manufacturing. For example, infringers provide fictitious names and addresses, which, along with the names of the Online Storefronts, may continue to change, particularly after receiving a notice letter, a takedown notice, or notice of a lawsuit. However, based on my experience, these infringing parties are far more likely to provide legitimate email addresses, given that a valid email is required to conduct e-commerce and process payments online.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on November 20, 2025 in Huntersville, North Carolina.

Hannah Carlson

Hannah Carlson